**Juan Merlos BELECH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70326.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. Maclachlan, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Juan Merlos Belech, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review the IJ's determination that Belech's asylum application was untimely filed and that he failed to demonstrate extraordinary circumstances to excuse the untimeliness. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005).

We review for substantial evidence the IJ's denial of withholding of removal. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir.2004). Substantial evidence supports the IJ's findings that Belech failed to show that it was more likely than not that he would be persecuted if returned to Guatemala and that any feared persecution was not on account of a protected ground. *See* 8 C.F.R. § 208.16(b)(2).

The IJ denied Belech's application for cancellation of removal both because he failed to show continuous physical presence and because he failed to show the requisite exceptional and extremely unusual hardship. We have jurisdiction to review the presence determination, but not the hardship determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890–91 (9th Cir.2003).

Because the BIA affirmed without opinion, we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision as to cancellation. *See Lanza*, 389 F.3d at 932. Accordingly, we vacate the BIA's decision and remand with instructions to clarify its grounds for affirming the IJ's denial of Belech's application for cancellation of removal. *Id.*

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; and REMANDED**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.